IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ESHON TRAVAR STODGHILL, ) | |
| #233 633, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-CV-562-MEF |
| ) | [WO] |
| KIM TOBIAS THOMAS, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on June 3, 2014, seeking to challenge violations of his Eighth and Fourteenth Amendment rights stemming from alleged systemic deficiencies at the Ventress Correctional Facility. Plaintiff did not file the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis* nor did he submit a motion for leave to proceed *in forma pauperis*. Accordingly, the court entered an order on June 11, 2014, directing Plaintiff to file either the $400.00 filing/administrative fees *or* an affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by relevant financial information from the inmate account clerk. *Doc. No. 3*. Plaintiff's copy of this order was returned to the court marked as undeliverable on June 16, 2014.

All parties have an affirmative duty to inform the court of any change of address during the pendency of their cases. On June 17, 2014, the undersigned directed Plaintiff to provide the court with his present address on or before June 27, 2014. *Doc. No. 4*. Plaintiff

was cautioned his failure to comply with the court's June 17 order would result in a recommendation that this complaint be dismissed. *Id*. Plaintiff's copy of the court's June 17 order was returned to the court marked as undeliverable on June 23, 2014. As it appears clear Plaintiff is no longer residing at the service address he provided to the court upon initiation of this action and has not provided this court with a new address for service, the undersigned concludes that dismissal is appropriate.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and to comply with the orders of this court.

It is further

ORDERED that **on or before July 30, 2014,** Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 16th day of July 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE